16-3912

**RECORD NO.** _____

OCT 21 2016

U.S.C.A. 3rd. CIR

# In The
# United State Court of Appeals for
# the Third Circuit Court

## MARIA BENTLEY, et al.,

*Petitioners,*

### v.

## JOSEPH GERACE, et al.,

*Respondents.*

PETITION FOR A WRIT OF CERTIORARI TO REVIEW
A DECISION BY THE SUPREME COURT OF THE VIRGIN ISLANDS

**PETITION FOR WRIT OF CERTIORARI**

Stephen L. Braga*
Alaric Smith *(Third Year Law Student)*
Cole A. Wogoman *(Third Year Law Student)*
UNIVERSITY OF VIRGINIA SCHOOL OF LAW
Appellate Litigation Clinic
580 Massie Road, SL-251
Charlottesville, VA 22903-1789
(434) 924-3825

*Counsel of Record for Petitioners
  Maria Bentley, et al.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

JURISDICTION OF THIS COURT .....................................................2

JURISDICTION OF THE COURTS BELOW ......................................3

QUESTION PRESENTED ...................................................................3

STATEMENT OF CASE .....................................................................3

REASONS FOR GRANTING THE WRIT.............................................6

I.    THE COURT'S DETERMINATION THAT SECTION 547
      VIOLATES THE PRIVILEGES AND IMMUNITIES CLAUSE
      CONFLICTS WITH UNITED STATES SUPREME COURT AND
      FEDERAL CIRCUIT COURT PRECEDENT .........................................7

II.
      A. Nonresident Security Bonds Do Not Burden a Plaintiff's
         Fundamental Right of Access to the Court ............................................9

      B. Even if the Court Finds the Fundamental Right of Access
         Burdened, The Virgin Islands Has a Substantial Reason to Enact
         Section 547 ..................................................................................11

III.  THE COURT'S DETERMINATION THAT SECTION 547
      VIOLATES THE EQUAL PROTECTION CLAUSE CONFLICTS
      WITH UNITED STATES SUPREME COURT AND FEDERAL
      CIRCUIT COURT PRECEDENT .........................................................13

      A.    The Court Should Have Applied the Rational Basis Standard. 14

      B.    Section 547 Satisfies the Rational Basis Standard ...................16

      C.    Section 547 Satisfies Strict Scrutiny.........................................17

CONCLUSION....................................................................................20

CERTIFICATE OF SERVICE .............................................................22

i

## TABLE OF AUTHORITIES

### CASES

*Allied Stores v. Bowers,*
    358 U.S. 522 (1959)..........................................................................................17

*Baldwin v. Fish & Game Commission of Mont.,*
    436 U.S. 371 (1978)...................................................................................11, 13

*Brewster v. N. America Van Lines, Inc.,*
    461 F.2d 649 (7th Cir. 1972) .......................................................................7, 20

*Canadian N. Railway Co. v. Eggen,*
    252 U.S. 553 (1920)...........................................................................7, 9, 10, 20

*Carey v. Brown,*
    447 U.S. 455 (1980)..........................................................................................18

*Clopper v. Merrill Lynch Relocation  Management, Inc.,*
    812 F.2d 1116 (9th Cir. 1987) ................................................... 14-15, 16, 17, 20

*Cohen v. Beneficial Industrial Loan Corp.,*
    337 U.S. 541 (1941)............................................................................................2

*Gerace v. Bentley,*
    No. 2015-0046, 2016 WL 4442556 (V.I. Aug. 22, 2016).......................*Passim*

*Grutter v. Bollinger,*
    539 U.S. 306 (2003)..........................................................................................17

*Hawes v. Club Ecuestre El Comandante,*
    535 F.2d 140 (1st Cir. 1976)...............................................................15, 16, 17

*Kulwicki v. Dawson,*
    969 F.2d 1454 (3d Cir. 1992) ............................................................................2

*Landise v. Mauro,*
    141 A.3d 1046 (D.C.  2016) .........................................................................7, 8

*McBurney v. Young,*
    133 S. Ct. 1709 (2013)...................................................................................9, 10

*Murphy v. Ginorio,*
    989 F.2d 566 (1st Cir. 1993)..................................................................11, 12, 20

*Nixon v. Fitzgerald,*
    457 U.S. 731 (1982)........................................................................................2

*Nordlinger v. Hahn,*
    505 U.S. 1 (1992).........................................................................................14

*Owenby v. Morgan,*
    256 U.S. 94 (1921)....................................................................................7, 20

*Patrick v. Lyndon Transport Inc.,*
    765 P.2d 1375 (Alaska 1988) ...................................................................19, 20

*United Building & Construction Trades Council v. Mayor& Council of Camden,*
    465 U.S. 208 (1984).......................................................................................8

*Russell v. Cunningham,*
    233 F.2d 806 (9th Cir. 1956) .........................................................................11

*San Antonio Ind. Sch. District v. Rodriguez,*
    411 U.S. 1 (1973).........................................................................................14

*United Industrial, Serv., Transport, Prof'l & Government Workers of*
*N. America Seafarers International Union ex rel. Bason v. Government of V.I.,*
    767 F.3d 193 (3d Cir. 2014)..............................................................................2

## CONSTITUTIONS & STATUTES

U.S. Const. Art. IV, § 2.............................................................................3, 6, 7, 8
48 U.S.C. § 1561 .................................................................................................7
48 U.S.C. § 1613 (2012) ......................................................................................2
Pub. L. No. 112-226.............................................................................................2
Ark. Code Ann. § 16-68-301(a)..............................................................................6
Cal. Civ. Proc. Code § 1030(a) ..............................................................................6
Colo. Rev. Stat. § 13-16-101 .................................................................................6

D.C. Code § 15-703 ....................................................................................7

7 Guam Code Ann. § 26616 ......................................................................7

Nev. Rev. Stat. § 18.130 ...........................................................................7

V.I. Code Ann. Tit 4 § 36(a)......................................................................3

V.I. Code Ann. Tit 4 § 76 ..........................................................................3

V.I. Code Ann. Tit 4 § 513 .........................................................10, 15, 19

V.I. Code Ann. Tit 5 § 547 ................................................................*Passim*

## OTHERS

3d Cir. L.A.R. 112.1(a)(1) (2011).............................................................6

E.D. Pa. Civ. R. 54.1(a) ...........................................................................12

W.D. Pa. Civ. R. 54.2 ..............................................................................12

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. __ - ____

———

MARIA BENTLEY, *et al.*,

Petitioners,

v.

JOSEPH GERACE, *et al.*,

Respondents.

———

**PETITION FOR A WRIT OF CERTIORARI TO REVIEW
A DECISION BY THE SUPREME COURT OF THE VIRGIN ISLANDS**

———

This is a petition seeking review of the Supreme Court of the Virgin Islands'

decision to strike down as unconstitutional a statute duly enacted by the

Legislature of the Virgin Islands to secure the right of resident defendants in its

courts to collect costs in civil litigation from nonresident and nonprevailing

plaintiffs.  Similar statutes have been enacted in multiple states and territories, as

well as the District of Columbia.  Every time that such a statute has been

challenged on federal constitutional grounds, as here, the statute has been upheld.

The only court anywhere to conclude to the contrary is the Supreme Court of the

Virgin Islands, whose aberrational decision should now be reviewed and corrected by this Court.

## JURISDICTION OF THIS COURT

The judgment of the Supreme Court of the Virgin Islands was entered on August 22, 2016. This petition was timely filed within 60 days of final judgment. The judgment denying Petitioners the right to a security is immediately appealable under the collateral order doctrine. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 543 (1941). The decision below conclusively determined the unconstitutionality of a disputed security, which was a distinct issue from the merits of the case and would be unreviewable on appeal from a final judgment. *See Kulwicki v. Dawson*, 969 F.2d 1454, 1459 (3d Cir. 1992) (quoting *Nixon v. Fitzgerald*, 457 U.S. 731, 742 (1982)).

The underlying complaint was filed in the Superior Court of the Virgin Islands on June 8, 2005. During the pendency of this case in the superior court, this Court had jurisdiction under 48 U.S.C § 1613 (2012). This Court retains appellate jurisdiction over the Supreme Court of the Virgin Islands for actions commenced in the Superior Court prior to the enactment of Pub. L. No. 112-226 on December 28, 2012. *United Indus., Serv., Transp., Prof'l & Gov't Workers of N. Am. Seafarers Int'l Union ex rel. Bason v. Gov't of V.I.*, 767 F.3d 193, 210 (3d Cir. 2014).

2

## JURISDICTION OF THE COURTS BELOW

The Virgin Islands Superior Court had original jurisdiction over this civil action under Title 4, Section 76 of the Virgin Islands Code. The Supreme Court of the Virgin Islands had appellate jurisdiction pursuant to Title 4, Section 32(a) of the Virgin Islands Code, which grants the court jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court."

## QUESTION PRESENTED

Whether a Virgin Islands statute, similar to those found in numerous other jurisdictions, that requires a court, upon a defendant's request, to order a nonresident plaintiff to post a minimal security bond for costs violates either the Privileges and Immunities Clause of Article IV, Section 2 of the United States Constitution or the Equal Protection Clause of the Fourteenth Amendment.

## STATEMENT OF CASE

This case has languished in the courts of the Virgin Islands for over ten years. It was a relatively simple contract claim brought by Respondents Plaintiffs-Appellants, Joseph Gerace and Victoria Vooys, doing business as Cane Bay Beach Bar, against Petitioners Defendants-Appellees, Warren Mosler, Chris Hanley, and

Chrismos Cane Bay LLC.[1] The current case arises from the superior court's grant of a motion to dismiss in favor of Defendants for Plaintiffs' failure to post a security bond as required by Title 4, Section 547 of the Virgin Island Code. App. 142. The Supreme Court of the Virgin Islands reversed the judgment, finding that the statute violated both the Equal Protection Clause and the Privileges and Immunities Clause of the United States Constitution. App. 22. This petition seeks this Court's review of this decision, which contradicts clearly established United States Supreme Court and federal court precedent and fundamentally misapplies federal constitutional principles.

The facts at issue on this appeal are distinct from the merits of Plaintiffs' original complaint. On June 9, 2005, Gerace and Vooys sued Defendants for breach of contract, fraud, and misrepresentation—among other claims—arising from the sale and subsequent operation of Cane Bay Beach Bar on the island of St. Croix, which lies over a thousand miles from the mainland United States. App. 224–27. At the time the complaint was filed, both Plaintiffs were residents of the Virgin Islands; however, Plaintiffs subsequently relocated to the mainland United States in the fall of 2012. App. 161–62, 217. On January 31, 2013, Defendants requested that each Plaintiff post a $3000 security bond for costs—$1000 per

---

[1] Plaintiffs originally included three additional defendants in their initial complaint; however, those defendants did not request the security bond at issue. Thus, those defendants are not party to the present appeal.

Defendant—pursuant to Title 5, Section 547 of the Virgin Islands Code, which allows defendants to request that a nonresident plaintiff post a bond for potential costs. App. 158. Plaintiffs subsequently filed a motion requesting that the court waive or reduce the costs requested. App. 161. Although Plaintiffs attached affidavits stating that both were financially incapable of paying the bond, both failed to include any documentation detailing an inability to pay. App. 166–69. The court subsequently granted Defendants' request on April 15, 2013, and ordered that each Plaintiff pay a bond of $1050 ($175 per defendant) within thirty days.[2]  App. 174. After Plaintiffs failed to comply with the court's order, Defendants moved to dismiss the case on May 22, 2013. App. 176.

Nearly two years later, on April 14, 2015, the court granted Defendants' motion to dismiss, rejecting Plaintiffs' constitutional challenges to the statute. App. 142. Plaintiffs proceeded to file a timely appeal in the Supreme Court of the Virgin Islands, renewing their challenge to the constitutionality of Section 547. In response, the court invited the Government of the Virgin Island to file a brief pursuant to the court's local rules. The Virgin Islands proceeded to file such a brief, defending the constitutionality of the statute. App. 40. On August 22, 2016, the court reversed the order granting the motion to dismiss, declaring the

---

[2] Defendants concede that the superior court erroneously calculated the bond amount, as the three non-Petitioner defendants did not request that the court order the imposition of a security bond. Using the same per-defendant bond amount, the total bond should have come to $525 per Defendant.

nonresident bond statute to be unconstitutional under both the Equal Protection Clause of the Fourteenth Amendment and the Privileges and Immunities Clause of Article IV of the United States Constitution. *Gerace v. Bentley*, No. 2015-0046, 2016 WL 4442556, at *9 (V.I. Aug. 22, 2016).

<u>REASONS FOR GRANTING THE WRIT</u>

This Court's Rule 112.1 details the "considerations governing [this Court's] review on certiorari." One "special and important reason[]" to be considered in this regard is when "[t]he Supreme Court of the Virgin Islands has decided a question in a way that conflicts with applicable decisions of this court, other appellate courts, or the United States Supreme Court." 3d Cir. L.A.R. 112.1(a)(1) (2011). That is precisely the case here.

This Court should grant the petition to review the decision of the Supreme Court of the Virgin Islands because that decision strikes down a local statute as unconstitutional in a manner that directly conflicts with the decisions of the United States Supreme Court and other federal courts. Further, this decision concerns an important question of federal constitutional law that should be decided by this Court, rather than the Virgin Islands Supreme Court. Statutes similar to the one struck down by the court below are currently a matter of law in multiple jurisdictions across the nation, including the island territory of Guam. *See, e.g.,* Ark. Code Ann. § 16-68-301(a); Cal. Civ. Proc. Code § 1030(a); Colo. Rev. Stat. §

6

13-16-101; D.C. Code § 15-703; 7 Guam Code Ann. § 26616; Nev. Rev. Stat. § 18.130.    If the Virgin Islands Supreme Court's decision stands, it will erase a constitutional law from the Virgin Islands Code and will also create unnecessary uncertainty as to the contours of the Privileges and Immunities Clause and the Equal Protection Clause.

## I. THE COURT'S DETERMINATION THAT SECTION 547 VIOLATES THE PRIVILEGES AND IMMUNITIES CLAUSE CONFLICTS WITH UNITED STATES SUPREME COURT AND FEDERAL CIRCUIT COURT PRECEDENT

The Supreme Court of the Virgin Islands erred when it determined that Section 547 violates the Privileges and Immunities Clause, which applies to the Virgin Islands by statute. *See* U.S. Const. Art. IV, § 2; 48 U.S.C. § 1561.    This determination conflicts with a line of United States Supreme Court and federal appellate court precedent recognizing that the imposition of nonresident bonds does not conflict with the Privileges and Immunities Clause. *See, e.g., Canadian N. Ry. Co. v. Eggen*, 252 U.S. 553, 561 (1920) ("[S]ecurity or costs has very generally been required of a nonresident, but not of a resident citizen."); *Owenby v. Morgan*, 256 U.S. 94, 108 (1921) (describing nonresident bonds as "a time-honored method of procedure"); *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972) (upholding nonresident bond rule against privileges and immunities challenge); *see also Landise v. Mauro*, 141 A.3d 1046, 1074–76 (D.C.

2016) (upholding District of Columbia nonresident bond statute).[3] Because the decision below conflicts with this Supreme Court and federal circuit court precedent, this Court should grant this petition for review.

In its opinion below, the court explains that many of these early privileges-and-immunities precedents have "little—if any—persuasive value" because they were decided before the "Supreme Court established its modern privileges-and-immunities jurisprudence." *See Gerace*, 2016 WL 4442556 at *9. Despite this cavalier disregard of earlier precedent, there is no constitutional basis for prohibiting the imposition of security bonds on nonresident plaintiffs. The Privileges and Immunities Clause requires that citizens of each state enjoy the same privileges and immunities as in-state residents. U.S. Const., Art. IV, § 2. Accordingly, courts use a two-step test to determine whether a particular law discriminates against nonresidents in violation of the Privileges and Immunities Clause. *United Building & Constr. Trades Council v. Mayor & Council of Camden*, 465 U.S. 208, 218 (1984). First, a court must ask if the law "burdens one of those privileges and immunities protected by the clause." *Id.* If it does not, the law does not violate the Privileges and Immunities Clause and the inquiry ends. Even if the law does burden the rights of nonresidents, however, it does not violate

---

[3] In *Landise*, the D.C. Court of Appeals assumed, without deciding, that the Privileges and Immunities clause applies to Congress when it legislates for the District of Columbia. *Landise*, 141 A.3d at 1075.

8

the Privileges and Immunities Clause if "there is a 'substantial reason' for the difference in treatment." *Id.* at 222. The court below erred at both steps of this analysis.

## A. Nonresident Security Bonds Do Not Burden a Plaintiff's Fundamental Right of Access to the Court

The court first erred because Section 547 does not burden any right that is protected by the Privileges and Immunities Clause. Although the court correctly identified that the Clause protects a right of access to the courts of the states, it erroneously stopped its analysis there. A court cannot merely identify the right in question; it must examine how a particular law burdens that right. The court's decision fails in this regard. If the court had done so, it would have recognized that Section 547 does not burden the right of access to the courts of the Virgin Islands. States need not "erase any distinction between citizens and non-citizens that might conceivably give state citizens some detectable litigation advantage" to comply with the Privileges and Immunities Clause. *McBurney v. Young*, 133 S. Ct. 1709, 1717 (2013). The Virgin Islands satisfies the requirements of the Clause if it gives a nonresident "access to [its] courts . . . upon terms which in themselves are reasonable and adequate for the enforcing of any right he may have, even though they may not be technically and precisely the same in extent as those accorded resident citizens." *Canadian N. Ry. Co.*, 252 U.S. at 562. As the Supreme Court has recognized, laws that require nonresident plaintiffs to post security bonds do

not deny those plaintiffs reasonable and adequate access to the courts. *See id.* at 561.

The court below focused too heavily on the results of Plaintiffs' failure to pay the trial court's mandated bond—the automatic stay and potential dismissal of Plaintiffs' claim. *See Gerace*, 2016 WL 4442556 at *8. Yet, neither the stay nor the dismissal of Plaintiffs' case implies that Section 547 "slams the courthouse door on" nonresidents, particularly when viewed in light of the entire statutory scheme. *See McBurney*, 133 S. Ct. at 1717. First, although a burden could be found if courts impose extreme bond amounts, the statute does not allow for that; the statute mandates a maximum bond of $1000 for the first defendant, with only $500 more allowed per additional defendant. V.I. Code tit. 5 § 547. Further, the Virgin Islands code provides that such a bond shall not be required for indigent plaintiffs that file to proceed in forma pauperis. V.I. Code tit. 4 § 513. Thus, the statute ensures that plaintiffs will have "reasonable and adequate" access. *See Canadian N. Ry. Co.*, 252 U.S. at 562. Finally, the bond does not act as a "fee" that a nonresident plaintiff must pay just to access the court; rather, the court holds the security should costs be awarded against the plaintiff at the termination of the proceedings. Should a plaintiff prevail or if costs are not awarded, the court returns the bond. If the courthouse door slammed upon Plaintiffs in this case, it was because of their own failure to comply with the trial court's legal mandate.

## B. Even if the Court Finds the Fundamental Right of Access Burdened, The Virgin Islands Has a Substantial Reason to Enact Section 547

Even if Section 547 burdens a nonresident's ability to access the courts of the Virgin Islands—thereby satisfying the first prong of the privileges and immunities analysis—the court below further erred by determining that the Virgin Islands does not have a substantial reason for discriminating against nonresident plaintiffs.

Although the Privileges and Immunities Clause bars discrimination against nonresidents when "there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States," the Clause "does not preclude disparity of treatment . . . where there are perfectly valid independent reasons for it." *Baldwin v. Fish & Game Comm'n of Mont.*, 436 U.S. 371, 399–400 (1978). A court must analyze "whether such reasons do exist and whether the degree of discrimination bears a close relation to them." *Id.* at 400. In doing so, the court must give the state "considerable leeway in analyzing local evils and prescribing appropriate cures." *Id*. at 400.

In contrast to the court below, federal courts have acknowledged that nonresident bonds serve legitimate interests, particularly in island territories of the United States. *See, e.g., Murphy v. Ginorio*, 989 F.2d 566, 568 (1st Cir. 1993) (discussing Puerto Rican nonresident bond requirement); *Russell v. Cunningham*, 233 F.2d 806, 811 (9th Cir. 1956) ("The Guam rule to assure collection of costs

from non-residents who may be in the continental United States at the time of judgment is . . . a perfectly reasonable provision."). In *Murphy*, the First Circuit reviewed a Puerto Rican nonresident bond rule similar to the statute at issue in this case. *Id.* at 568. The First Circuit "recognized the legitimate interest served by the rule," which was designed to "ensure that a prevailing party will be able to collect a judicial award of costs, expenses and attorneys' fees from a non-resident litigant, who probably has no assets in and few ties to the forum." *Id.* Thus, these courts recognized the heightened concern about collecting costs from those who did not reside on these remote island territories.

Moreover, courts in this Circuit have also acknowledged that nonresident security bonds serve legitimate interests. Both the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the Middle District of Pennsylvania currently provide for nonresident security bonds under each court's local rules. *See* E.D. Pa. Civ. R. 54.1(a); W.D. Pa. Civ. R. 54.2. If nonresident bonds serve legitimate interests on the mainland in Philadelphia and Harrisburg, those interests are even more legitimate on the island of St. Croix— which lies over a thousand miles from the mainland United States, where the risk of not collecting is even more acute. The court below, however, concluded that the clear purpose of nonresident bonds is to "discriminat[e] against nonresidents . . . on behalf of residents." *See Gerace*, 2016 WL 4442556 at *9. This conflict alone

12

warrants review by this Court.

The court's conclusion resulted from its failure to give the legislature of the Virgin Islands "considerable leeway in analyzing local evils and prescribing appropriate cures." *Baldwin*, 436 U.S. at 400. Although the court looked to the Government of the Virgin Islands' contention that it wanted to prevent residents from having to go off island to enforce a judgment, the court's opinion does not acknowledge that the Virgin Islands also showed serious concerns about the award of costs when nonresident plaintiffs bring "frivolous and vexatious lawsuits." App. 48. For this narrow purpose, it is reasonable for the Virgin Islands to apply Section 547 to only nonresident plaintiffs rather than to all nonresidents as the court suggests as an alternative. *See Gerace*, 2016 WL 4442556 at *8. The restriction then bears a substantial relationship to this narrow objective by discouraging non-meritorious suits and aiding in the collection of costs in such suits brought on the Virgin Islands by nonresidents. As such, the Supreme Court of the Virgin Islands erred in its conclusion. Because of the court's error, this Court should grant a Writ of Certiorari to review and correct that error.

## II. THE COURT'S DETERMINATION THAT SECTION 547 VIOLATES THE EQUAL PROTECTION CLAUSE CONFLICTS WITH UNITED STATES SUPREME COURT AND FEDERAL CIRCUIT COURT PRECEDENT

For reasons similar to those outlined in the section above, Section 547 does not violate the Equal Protection Clause. Just as the statute does not burden a

plaintiff's fundamental right of access to the courts under the privileges and immunities analysis, the statute also does not infringe on the fundamental right under the Equal Protection Clause. Further, even if the statute does infringe on a plaintiff's fundamental right of access to the courts, the statute satisfies the strict scrutiny analysis of the Equal Protection Clause because it is both narrowly tailored and furthers a compelling government interest.

A. The Court Should Have Applied the Rational Basis Standard

When analyzing a statute under the Equal Protection Clause, a court should use a rational basis standard unless the statute infringes upon the "exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). The court below, however, mistakenly found that Section 547 infringes on the fundamental right of access to courts. Because of this mistake, it wrongly applied a heightened standard of strict scrutiny when assessing the constitutionality of Section 547. *See id.* The court instead should have applied the default rational basis standard, which requires that a statutory classification be rationally related to a legitimate governmental purpose. *See San Antonio Ind. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 17 (1973). In contrast to the court below, the First and the Ninth Circuits have found that the appropriate level of scrutiny is rational basis when reviewing nonresident cost bond statutes. *See, e.g., Clopper v. Merrill Lynch Relocation*

14

*Mgmt., Inc.*, 812 F.2d 1116, 1123 (9th Cir. 1987) (applying rational basis standard to statute requiring attorneys of nonresident plaintiffs to post a cost bond security); *Hawes v. Club Ecuestre El Comandante*, 535 F.2d 140, 144 (1st Cir. 1976) (applying rational basis standard to statute requiring nondomiciliary plaintiffs post security for costs).

Section 547 does not infringe on the fundamental right of access to the courts for two reasons. First, indigent plaintiffs need not pay it. Title 4, Section 513 of the Virgin Islands Code provides how a party may proceed in forma pauperis. The statute reads:

> Any court in the Virgin Islands may authorize the commencement, prosecution, or defense of any action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs, or security therefor, by a citizen of the United States who makes affidavit that he is unable to pay the fees and costs or to give security therefor . . . .

V.I. Code tit. 4 § 513 (emphasis added). This statute ensures that Section 547 will not cut indigent plaintiffs off from court, possibly infringing on the fundamental right of access to the courts.

Second, Section 547 mandates a maximum bond of $1000 for the first defendant, with only $500 more allowed per additional defendant. V.I. Code tit. 5 § 547. This limit assuages any fear that a court could issue an exorbitant bond requirement that could not be reasonably paid by a plaintiff. While Section 513

protects indigent plaintiffs, Section 547 itself protects against any unreasonable application of its requirements. Thus, the correct level of scrutiny is rational basis. As such, the court below should have analyzed Section 547 under the rational basis standard.

B. Section 547 Satisfies the Rational Basis Standard

If the court below had applied a rational basis analysis, it would have found that Section 547 satisfies that standard. The Virgin Islands legislature was worried that plaintiffs living off island would stir up frivolous litigation and then by fleeing the island be inordinately difficult to collect judgments for costs against. App. 48. The purpose of the statute then was to "prevent prevailing resident litigant defendants from having to leave the Virgin Islands to enforce an award for costs against non-resident plaintiffs," particularly those that stirred up frivolous litigation. App. 44. Thus the classification is rationally related to its purpose because the legislature logically thought that nonresident plaintiffs who commence frivolous litigation would be more likely to flee to the mainland than resident plaintiffs.

Both the First and Ninth Circuits have concluded that nonresident cost security statutes satisfy the rational basis test. *Hawes*, 535 F.2d at 145; *Clopper*, 812 F.2d at 1123. The First Circuit in Hawes examined a nonresident cost bond statute in Puerto Rico and found that:

> The apparent purpose behind Rule 5, which is based on the reasonable assumption that domiciliaries are more likely than nondomiciliaries to own assets within the district, is to enforce an award of costs against a nondomiciliary who may be in the continental United States at the time of judgment. This seems a perfectly reasonable provision.

535 F.2d at 145.  The Ninth Circuit in *Clopper* held that the classification in the nonresident cost bond statute at issue was valid because it satisfied the test laid out in *Allied Stores v. Bowers*, 358 U.S. 522 (1959).  812 F.2d at 1123.  That test states that a classification is reasonably related to its purpose if it is created "upon a state of facts that reasonably can be conceived to constitute a distinction, or difference in state policy." *Allied Stores*, 358 U.S. at 530.  The Ninth Circuit recognized that "[d]espite modern uniform agreements on enforcement and recognition of foreign judgments and summary procedures in the federal courts, we cannot say that all heightened difficulty in reaching a nonresident's assets has disappeared." *Id.* (citations omitted).  Accordingly, the court below was wrong to apply a more stringent standard and not rational basis.

C. Section 547 Satisfies Strict Scrutiny

Even if Section 547 must satisfy strict scrutiny, the court still committed reversible error because the statute satisfies that standard.  Strict scrutiny requires that classifications be narrowly tailored to further compelling government interests. *Grutter v. Bollinger*, 539 U.S. 306, 326 (2003).  This court should find that

17

collecting costs from off island plaintiffs, particularly those who flee from the island after stirring up frivolous litigation is a compelling government interest. Compelling government interests are interests of "the highest order" and ensuring compliance with court cost awards is of high order to the judicial process. *See Carey v. Brown*, 447 U.S. 455, 471 (1980) (using "highest order" language to refer to a possible compelling government interest). Notably, the Supreme Court of the Virgin Islands did not address this. Instead, the court focused on its belief that Section 547 did not satisfy the least restrictive means test. The court found the statute to be overinclusive as well as underinclusive. *See Gerace*, 2016 WL 4442556 at \*8. The court was mistaken on both grounds.

The court reasoned that Section 547 is overinclusive because residency probably bears little on the difficulty of being able to collect a cost award. The court stated that residents of the Virgin Islands may own assets off island and nonresidents may own assets on the island. *Id.* Of course that is true in some cases, but it ignores the fact that residency is the best way to separate those with no assets on island most likely to leave at the conclusion of litigation from those not likely to leave. The fact that the statute applies to all nonresident plaintiffs as opposed to only plaintiffs without assets in the Virgin Islands that are likely to leave is not determinative. This classification is the most pragmatic means of distinguishing between those plaintiffs without assets likely to go off island at the

18

conclusion of litigation and those likely to stay. *Cf. Patrick v. Lyndon Transport Inc.*, 765 P.2d 1375, 1381 (Alaska 1988) (Matthews, C.J., dissenting) (stating that Alaska's nonresident bond statute is not fatally overinclusive or underinclusive with respect to Alaska's equal protection clause because there are no better means to distinguish between cooperative and uncooperative plaintiffs).

The court goes on to state that Section 547 is underinclusive because it requires only nonresident plaintiffs to post the bond as opposed to both nonresident plaintiffs and defendants. *Gerace*, 2016 WL 4442556, at *8. The underinclusiveness is justified given that plaintiffs are the party that commences the litigation. The legislature was concerned with uncollectible costs stemming from frivolous litigation, not just uncollectible costs in general. App. 48. The plaintiff, not the defendant, spurs frivolous litigation.

The statute is further narrowly tailored because, as previously discussed, indigent plaintiffs need not pay a security. Section 513 provides them a way to proceed in forma pauperis. V.I. Code tit. § 513. Section 547 is also limited in scope as it sets limits on the amount of security that can be required from plaintiffs. V.I. Code tit. 5 § 547. The Virgin Islands legislature used the least restrictive means possible in a plaintiff's residency because it could not know which plaintiffs, having commenced possibly frivolous litigation, are likely to go off island at the conclusion of litigation and leave no assets to pay defendant's costs.

Accordingly, Section 547 satisfies strict scrutiny and does not violate the Equal Protection Clause. Because of this error, this Court should grant the petition for review as well.

## CONCLUSION

The Supreme Court and other federal courts have repeatedly recognized the constitutionality of nonresident bonds for costs. Indeed, three different circuit courts, as well as the District of Columbia Court of Appeals, have upheld similar statutes against the same constitutional challenges this statute now faces. *See Brewster*, 461 F.2d at 651; *Murphy*, 989 F.2d at 568; *Clopper*, 812 F.2d at 1123. Similarly, the Supreme Court on multiple occasions has acknowledged that nonresident bonds are a "time-honored method of procedure." *Canadian No. Ry. Co.*, 252 U.S. at 561; *Owenby*, 256 U.S. 94 (1921). The contrary conclusion by the Virgin Islands Supreme Court below fails to point to any authority contradicting these precedents, because there is none. The only other court to strike down a law such as this did so on state constitutional grounds. *See Patrick*, 765 P.2d at 1381. As a result, the Virgin Islands Supreme Court stands alone in rewriting federal constitutional law in a manner that erroneously calls into question the laws of several states and territories, as well as the rules of district courts in this Circuit.

It is up to this Court to bring the law in the Virgin Islands back into line with the unanimous authorities in other jurisdictions to have considered this issue. Just

as the First Circuit reviewed and upheld a nonresident cost bond statute in Puerto Rico, this Court should review and uphold this similar statute in the Virgin Islands. For all of the reasons set forth herein, this Court should grant a Writ of Certiorari to review the merits of Petitioners' claim that the Virgin Islands' statute that permits courts to require that nonresidents post security bonds violates neither the Privileges and Immunities Clause nor the Equal Protection Clause of the Constitution.

Respectfully submitted,

_____/s/_____

Stephen L. Braga (Counsel of Record)
Alaric R. Smith (*Third Year Law Student*)
Cole A. Wogoman (*Third Year Law Student*)
UNIVERSITY OF VIRGINIA
SCHOOL OF LAW
Appellate Litigation Clinic
580 Massie Road, SL-251
Charlottesville, VA 22903-1789
(434) 924-3825
stevebraga@virginia.edu

October 20, 2016                Counsel for Petitioners

# CERTIFICATE OF SERVICE

I hereby certify that I have this October 20th, 2016, filed the required copies of the foregoing Petition for Writ of Certiorari and Appendix in the Office of the Clerk of the Court for the Third Circuit Court, via FedEx overnight. I also certify that I served via US Postal Service, First Class Mail, a copy of the foregoing to:

Lee J. Rohn
Lee J. Rohn and Associates, LLC
1101 King Street
Christiansted, St. Croix, VI 00820
Telephone: (340) 778-8855
Email: lee@rohnlaw.com

_____/s/_____

Stephen L. Braga (Counsel of Record)