**RECORD NO. 16-3912**

# In The
# United State Court of Appeals for
# the Third Circuit Court

MARIA BENTLEY, *et al.*,

*Petitioners,*

v.

VICTORIA VOOYS, *et al.*,

*Respondents.*

REPLY IN SUPPORT OF PETITION
FOR A WRIT OF CERTIORARI TO REVIEW
A DECISION BY THE SUPREME COURT OF THE VIRGIN ISLANDS

**REPLY IN SUPPORT OF PETITION
FOR WRIT OF CERTIORARI**

Stephen L. Braga*
Alaric Smith *(Third Year Law Student)*
Cole A. Wogoman *(Third Year Law Student)*
UNIVERSITY OF VIRGINIA SCHOOL OF LAW
Appellate Litigation Clinic
580 Massie Road, SL-251
Charlottesville, VA 22903-1789
(434) 924-3825

*Counsel of Record for Petitioners*
   *Maria Bentley, et al.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... ii

ARGUMENTS ...........................................................................................2

I.    RESPONDENTS MISUNDERSTAND THE PRECISE CONFLICT NECESSARY TO WARRANT REVIEW BY THIS COURT .................2

II.    PETITIONERS ESTABLISHED THIS COURT'S GROUNDS FOR EXERCISING CERTIORARI JURISDICTION IN THE PETITION FOR A WRIT OF CERTIORARI ............................................................3

    A.    Bason is Binding Precedent Confirming That the Third Circuit Maintains Certiorari Jurisdiction Over All Cases Commenced in the Virgin Islands Supreme Court Prior to the Enactment of H.R. 6116 .......................................................................................3

    B.    The Collateral Order Doctrine Falls Within the Supreme Court's Exceptions to the Final Order Requirement When Considering a Grant of Certiorari to a State or Territorial Supreme Court ..........6

CONCLUSION ...........................................................................................9

CERTIFICATE OF BAR MEMBERSHIP.............................................10

CERTIFICATE OF COMPLIANCE.......................................................10

CERTIFICATE OF SERVICE ...............................................................10

ELECTRONIC FILING CERTIFICATION & VIRUS FREE ...............11

i

# TABLE OF AUTHORITIES

## CASES

*ASARCO Inc. v. Kadish*,
 490 U.S. 605 (1989)...........................................................................5, 6

*Camreta v. Greene*,
 563 U.S. 692 (2011)..............................................................................5

*Cohen v. Beneficial Industrial Loan Corp.*,
 337 U.S. 541 (1949).............................................................................7

*Cox Broad. Corp. v. Cohn*,
 420 U.S. 469 (1975)..........................................................................7, 8

*Construction Laborers v. Curry*,
 371 U.S. 542  (1963) ...........................................................................7

*Defoe v. Phillip*,
 702 F.3d 735 (3d Cir. 2012) .................................................................6

*Fahie v. Virgin Islands*,
 No. 15-2721 (3d Cir. Aug. 31, 2016) ...................................................4

*Mariana v. Fisher*,
 338 F.3d 189 (3d Cir. 2003) .............................................................4, 6

*In re McDonald*,
 205 F.3d 606 (3d Cir. 2000) ................................................................6

*National Socialist Party of America v. Village of Skokie*,
 432 U.S. 43 (1977)...............................................................................7

*Ruhrgas AG v. Marathon Oil Co.*,
 526 U.S. 574 (1999)..............................................................................5

*Sinochem International Co. v. Malaysia International Shipping Corp.*,
 549 U.S. 422 (2007)..............................................................................5

*United Industrial, Serv., Transport, Prof'l & Government Workers of N.*
*America Seafarers International Union ex rel. Bason v. Government of V.I.*,
     767 F.3d 193 (3d Cir. 2014)................................................................1,4, 5, 6, 9

*United States v. Munsingwear*,
     340 U.S. 36 (1950).............................................................................................5

## STATUTES & CODES

V.I. Code Ann. tit.V § 547..........................................................................................2

## UNITED STATES CONSTITUTIONAL AMENDMENTS

U.S. Const. amend. XIII..............................................................................................2
U.S. Const. art. IV .....................................................................................................2

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16 - 3912

_____

MARIA BENTLEY, *et al.*,

Petitioners,

v.

VICTORIA VOOYS, *et al.*,

Respondents.

_____

**REPLY IN SUPPORT OF PETITION FOR A WRIT OF CERTIORARI**

In their Response to the Petition for a Writ of Certiorari, Respondents focus almost exclusively on this Court's alleged lack of jurisdiction to hear this appeal. This jurisdictional argument is grounded in an attack on this Court's precedential decision in *United Industrial, Service, Transportation, Professional & Government Workers of North America Seafarers International Union ex rel. Bason v. Gov't of V.I.*, 767 F.3d 193, 210 (3d Cir. 2014) and a fruitless finality argument. Due to their focus on jurisdiction, Respondents give short shrift to the crux of Petitioners' brief, merely suggesting that issues presented in this case are insufficient to warrant the grant of a Writ of Certiorari. Respondents are wrong in all respects.

1

## I. RESPONDENTS MISUNDERSTAND THE PRECISE CONFLICT NECESSARY TO WARRANT REVIEW BY THIS COURT

The Petition for a Writ of Certiorari should be granted to review whether title 5, section 547 of the Virgin Islands Code violates both the Privileges and Immunities Clause of Article IV of the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment. Respondents' argument as to the merits of Petitioners' claims is based on a complete mischaracterization of the discretionary considerations specified as relevant by this Court to guide the grant of certiorari jurisdiction over a case arising out of the Virgin Islands Supreme Court. Thus, Respondents argue that this Court should deny certiorari because Petitioners fail to show that "there is a split of authority between the local courts and the federal courts to resolve on whether *this specific statute* is constitutional . . . [or that] there are contrary decisions from the United States Supreme Court that address *this specific statute*." Resp. 22 (emphasis added). However, Petitioners need not show that the decision of the Virgin Island Supreme Court conflicts with a decision by this Court or the Supreme Court interpreting the *same* statute. Petitioners must show that the Virgin Islands Supreme Court's decision "conflicts with the applicable decisions of this Court, other appellate courts, or the United States Supreme Court." 3d Cir. L.A.R. 112.1; Pet. 6. The idea that the source of this conflict is somehow limited to an identical statutory challenge is simply wrong.

2

As Petitioners laid out in great depth in the Petition for a Writ of Certiorari, the decision below invalidated a law on federal constitutional grounds even though very similar laws have been upheld and endorsed by numerous other federal appellate courts and the United States Supreme Court. Pet. 7–17. Respondents fail to address this substantive argument, choosing instead to argue that the decision was correct and that, at most, review would provide "mere error correction." Resp. 21–22. In fact, the decision below conflicts significantly with federal court precedent regarding both the Privileges and Immunities and Equal Protection Clauses. Therefore, review is necessary for far more than "mere error correction." Accordingly, this Court should grant certiorari to erase any confusion that the lower court's decision has caused - and will continue to cause - regarding the proper interpretation of the United States Constitution.

## II. PETITIONERS ESTABLISHED THIS COURT'S GROUNDS FOR EXERCISING CERTIORARI JURISDICTION IN THE PETITION FOR A WRIT OF CERTIORARI

### A. *Bason* is Binding Precedent Confirming That the Third Circuit Maintains Certiorari Jurisdiction Over All Cases Commenced in the Virgin Islands Supreme Court Prior to the Enactment of H.R. 6116

Respondents argue that this Court should dismiss the Petition because Petitioners fail to show that the Third Circuit continues to have certiorari jurisdiction over cases filed in the Virgin Islands Superior Court prior to the

signing of H.R. 6116.[1]  Resp. 3.  Respondents suggest that the *Bason* Court's

language concerning this Circuit's certiorari jurisdiction is not binding because it is

only dicta.  However, instead of explaining *why* the language from *Bason* is not a

legal holding that is "binding on subsequent panels" in this Circuit*, see Mariana v.*

*Fisher*, 338 F.3d 189, 201 (3d Cir. 2003) (quoting 3d Cir. IOP 9.1), Respondents

spend the majority of their brief quibbling with the *Bason* Court's legal analysis.

Resp. 6–17.[2]  What Respondents fail to recognize is that the Court's finding of

certiorari jurisdiction was necessary to the ultimate disposition of that case.

Indeed, had it not found certiorari jurisdiction, the *Bason* Court would have been

powerless to vacate the Virgin Islands Supreme Court's underlying opinion.

Respondents argue that the *Bason* Court had no power to decide whether it

had certiorari jurisdiction because it found the case was moot.  However, the

---

[1] The Virgin Islands Bar Association also has advanced this argument against certiorari jurisdiction as amicus in another case pending before this Court.  *See* Brief for the Virgin Islands Bar Association as Amicus Curiae, *Fahie v. Virgin Islands*, No. 15-2721 (3d Cir. June 26, 2016).  Oral argument in that case is scheduled for December 12, 2016.  Although the petitioners in that case filed a reply to the Bar Association's amicus brief, Petitioners here advance additional arguments in support of this Circuit's certiorari jurisdiction.  *See* Reply Brief for Petitioner, *Fahie v. Virgin Islands*, No. 15-2721 (3d Cir. Aug. 31, 2016).

[2] To a significant extent, the *Bason* Court rejected the majority of the arguments that Respondents present as to the proper interpretation of H.R. 6116.  *See Bason*, 767 F.3d at 202–10.  Additionally, this Court rejected a petition for rehearing en banc as to the *Bason* Court's holding on the duration of the Third Circuit's certiorari jurisdiction over the Virgin Islands Supreme Court.  *See* Order Denying Petition for Rehearing En Banc, *United Indus., Serv., Transp., Prof'l & Gov't Workers of N. Am. Seafarers Int'l Union ex rel. Bason v. Gov't of V.I.*, 767 F.3d 193, 210 (3d Cir. 2014) (No. 13-1247).

Supreme Court has never held that a court "may consider only one threshold jurisdictional issue per case." *Camreta v. Greene*, 563 U.S. 692, 710 n.8 (2011). Although a court must answer questions of jurisdiction prior to moving to the merits of a case, it need not follow any "mandatory 'sequencing of jurisdictional issues.'" *Sinochem Intl. Co. v. Malaysia Intl. Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).

In this case, the *Bason* Court *necessarily* decided the issue regarding certiorari jurisdiction before it decided the mootness issue. Indeed, when a civil case becomes moot while on appeal or "pending" an appellate court's decision, "the established practice . . . is to reverse or vacate the judgment below and remand with a direction to dismiss." *United States v. Munsingwear*, 340 U.S. 36, 39 (1950). This practice is based on a broad "supervisory power" over lower courts. *Id.* at 40. However, if a court lacks jurisdiction over a claim arising from a state or territorial court, it generally lacks the power to vacate the decision of a court below. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 621 n.1 (1989). Therefore, the Court's determination that it had certiorari jurisdiction was vital to the *Bason* Court's ultimate disposition of the case.

Respondents' conclusory statement that any finding of the *Bason* Court besides the finding of mootness was not essential is based on a failure to recognize this key difference between vacatur and dismissal. A court with certiorari

5

jurisdiction can both dismiss and vacate a lower court decision; a court without certiorari jurisdiction can only dismiss the decision.  Petitioners and Respondents agree that the *Bason* Court did not have jurisdiction to adjudicate the merits of this case before it due to Article III mootness considerations.  However, that court did not have certiorari jurisdiction, it would have been powerless to vacate the decision of the Virgin Islands Supreme Court.  *See ASARCO Inc.*, 490 U.S. at 621 n.1.  As the *Bason* Court discussed, its decision to vacate the judgments below was predicated upon this Court's "significant role in overseeing the Virgin Islands Supreme Court."  *Bason*, 767 F.3d at 215 n.7 (quoting *Defoe*, 702 F.3d 735, 742 (3d Cir. 2012)).  As such, the *Bason* Court's discussion of its certiorari jurisdiction "could [not] have been deleted without seriously impairing the analytical foundations of the holding."  *See In re McDonald*, 205 F.3d 606, 612 (3d Cir. 2000).  Accordingly, absent a contrary determination by this Court en banc, *Bason* continues to control the breadth of the Third Circuit's jurisdiction over cases arising from the Virgin Islands.  *See Mariana*, 338 F.3d at 201.

    B.   <u>The Collateral Order Doctrine Falls Within the Supreme Court's Exceptions to the Final Order Requirement When Considering a Grant of Certiorari to a State or Territorial Supreme Court</u>

Respondents additionally argue that this Court does not have jurisdiction because this case is not final.  Resp. 17.  Respondents' argument hinges on the fact that "the 'collateral-order doctrine' is not specifically listed" as one of the four

exceptions to the finality requirement listed in *Cox Broad. Corp. v. Cohn*, 420 U.S. 469 (1975). Resp. 18. Respondents argue it was not appropriate to cite the seminal collateral order doctrine case, *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), because that case involves granting certiorari to a case that originated in federal district court rather than state court. Resp. 18. However, *Cohen* is still relevant where the case originated in state court. Although *Cox* does not use the words "collateral order doctrine," the third final order exception from *Cox* encompasses cases covered by the collateral order doctrine. *See Cox*, 420 U.S. at 482. In fact, the third exception explicitly cites *Cohen*. *Cox*, 420 U.S. at 482 n.10. Additionally, cases cited within *Cox*'s other exceptions also look to *Cohen* for guidance in determining whether an order is sufficiently final for appeal. *See Cox*, 420 U.S. at 479 (citing *Construction Laborers v. Curry*, 371 U.S. 542, 550–51 (1963)). Therefore, Respondents are wrong to characterize *Cohen* and the collateral order doctrine as irrelevant to the finality analysis where the case originated in state court.[3]

As such, this Court has jurisdiction to hear this case because the appeal falls within the third exception to the final order requirement as described in *Cox*. That

---

[3] The Supreme Court's use of *Cohen* when evaluating certiorari jurisdiction for a state court case is not unique to *Cox*. Indeed, the Supreme Court has at times blended the two standards. *See, e.g.*, *Nat'l Socialist Party of Am. v. Vill. of Skokie*, 432 U.S. 43, 44 (1977) (citing *Cohen* when evaluating final order jurisdiction from a state court).

exception covers "those situations where the federal claim has been finally decided, with further proceedings on the merits in the state courts to come, but in which later review of the federal issue cannot be had, whatever the ultimate outcome of the case." *Cox*, 420 U.S. 469 at 480. Here, the trial court will continue to hear the case on the merits, but the federal claim has been finally decided and review of that disposition cannot be had regardless of the outcome of that case. Regardless of the outcome on remand, Petitioners will have no opportunity to seek review of the legality of the statute in question. Any question as to the validity of a bond for costs *prior* to litigation will become moot once the litigation concludes.

Respondents make one final attempt to escape the jurisdiction of this court, arguing that "if Petitioners prevailed on this writ and obtained a reversal on the constitutionality issue, the case would still need to be remanded for a hearing on the indigence issue," meaning the question currently on appeal could become moot. Resp. 19-20. Respondents are mistaken. The Virgin Islands Superior Court found that the Respondents did not qualify as indigent on procedural grounds. App'x 13. Although Respondents asked that the trial court lower the cost-bond requirement, App'x 156, at no point did Respondents file a motion to proceed in forma pauperis. App'x 13. Accordingly, Respondents have waived any argument as to their indigence. Therefore, if this Court reversed the Virgin Islands Supreme Court on the constitutional issues presented, the case would be permanently

dismissed.  App'x 157.  Accordingly, this case presents an issue that is ripe for review.  Were this Court to deny the Petition on this ground, it would leave Petitioners without any means of challenging the clearly erroneous decision of the Virgin Islands Supreme Court on an important issue of federal constitutional law.

## CONCLUSION

For the foregoing reasons, this Court may and should exercise certiorari jurisdiction over this case. Under *Bason*, this Court has jurisdiction to review a final decision of the Virgin Islands Supreme Court such as the one at issue in this case. Because the Virgin Islands Supreme Court's decision conflicts with existing federal constitutional jurisprudence, this Court should grant this Petition for a Writ of Certiorari and resolve this conflict.  The need for this Court's guidance on the merits of the constitutional questions at issue herein is quite real, despite Respondents vigorous attempts to avoid it.

Respectfully submitted,

_____/s/_____
Stephen L. Braga (Counsel of Record)
Alaric R. Smith (*Third Year Law Student*)
Cole A. Wogoman (*Third Year Law Student*)
UNIVERSITY OF VIRGINIA
SCHOOL OF LAW
Appellate Litigation Clinic
580 Massie Road, SL-251
Charlottesville, VA 22903-1789
(434) 924-3825
stevebraga@virginia.edu

December 5, 2016                    Counsel for Petitioners

## CERTIFICATE OF BAR MEMBERSHIP

Counsel of record for petitioners certifies that he is a member in good standing of the bar of this Court pursuant to Third Circuit LAR 28.3

## CERTIFICATE OF COMPLIANCE

This REPLY IN SUPPORT OF PETITION FOR A WRIT OF CERTIORARI complies with the type-volume limitation Fed. R. App. Proc. 32(a)(7)(B). The Reply in Support of Petition for Writ of Certiorari contains less than 2,300 words as provided by Third Circuit LAR 112.9(b), excluding the parts of the Reply exempted by Federal Rule of Appellate Procedure 32(a) (7) (B) (iii).

## CERTIFICATE OF SERVICE

I hereby certify that I have this December 5, 2016, filed the required copies of the foregoing Reply in Support of Petition for Writ of Certiorari and Appendix in the Office of the Clerk of the Court for the Third Circuit Court, via FedEx overnight. I also certify that I served via US Postal Service, First Class Mail, a copy of the foregoing to:

Lee J. Rohn
Lee J. Rohn and Associates, LLC
1101 King Street
Christiansted, St. Croix, VI 00820
Telephone: (340) 778-8855
Email: lee@rohnlaw.com

_____/s/_____

Stephen L. Braga (Counsel of Record)

10

**ELECTRONIC FILING CERTIFICATION & VIRUS FREE**

This is to certify that the text of the electronic brief and the hard copies of the

Response in Opposition to Petition for Writ of Certiorari are identical. A virus

check was performed using Vipre Business Premium Ver. 9.5.6154.

DATED: December 5, 2016

_____/s/_____

Stephen L. Braga (Counsel of Record)